Good morning, Your Honor. May it please the Court, my name is Catherine Doy and I represent Plaintiff Appellant, California Shock Trauma Air Rescue, or CALSTAR, on appeal in case number 09-16810. My colleague, Mark Stolman, represents CALSTAR on appeal in case number 09-16874. I will be presenting the argument on behalf of CALSTAR this morning, and Mr. Stolman intends to adopt this argument on behalf of CALSTAR in his case. I would like to reserve five minutes of my time for rebuttal. Your Honor, in this case, CALSTAR contends there is federal subject matter jurisdiction over both its declaratory judgment claim and its state law claims on the grounds that state law is preempted under the Supremacy Clause. We contend there is federal subject matter jurisdiction over CALSTAR's declaratory judgment claim under a three-step analysis. First, that under the Declaratory Judgment Act, there is an actual controversy. Second, that because plaintiff sees a declaration that the state regulation is invalid as opposed to seeking a declaration that the state law is valid, CALSTAR may bring this declaratory relief action in Federal court. And third, that once the ability to bring the declaratory relief action is established, that the claim that is the subject of the declaratory relief action arises under the Federal jurisdiction of this court, because the claim is based on an alleged violation of the Supremacy Clause and therefore arises under the Constitution and laws of the United States. I take it that you don't disagree that you have to demonstrate in a well-pleaded complaint the jurisdiction, Federal jurisdiction. That's something we have taught in law school for generations, unless there's something different that has happened. Well, Your Honor, I think we do meet the criteria for the well-pleaded complaint, because in this case, CALSTAR's state law action can only be brought because it's alleging that there's Federal preemption over the state regulation. The defendants paid based on the state regulation, and CALSTAR would not have any basis for a state court claim were it not for the Federal preemption action. If there was no alleged Federal preemption, CALSTAR would have to accept the payment made by the defendants. So unless the so-called Federal preemption exists, you agree that this is a state claim that should be brought in state court? In the absence of that, the state law claim would, but although I would contend that there's separate jurisdiction over the declaratory relief claim, that is independent. Separate jurisdiction over declaratory relief. You know a declaratory relief act is procedural. It's not substantive. Exactly, Your Honor. And there needs to be an independent basis for Federal arising under jurisdiction. Right. Otherwise, you're just suing the Workman's Compensation Group and insurers. It's a straight-up state claim. So this is rather surprising. It's going to open up our courts to need more judges instead of less, I suppose. So what case do you rely on that indicates that you have we can have jurisdiction on this case? I rely on the footnote 14 of the Shaw case. Pardon me? Footnote 14 of the Shaw case. And let me explain, Your Honor. I think that it's important to make a distinction analytically between the nature of the relief sought, the vehicle that the plaintiff is bringing to raise the claim in Federal court, whether it's injunctive relief or declaratory relief, versus whether the underlying claim itself arises under the Federal constitution or laws such as to bring it within Federal subject matter jurisdiction. Do you think the Shaw case will get you there? I do. And this is why. We haven't touched that yet. But the First, Second, and Third Circuits have all gone the opposite direction with pretty persuasive cases. Okay. Well, we contend that the analysis there didn't make this distinction between the type of relief sought and the nature of the underlying claim, and that the part of Shaw that says that a plaintiff who seeks injunctive relief, and granted it says injunctive relief from State regulation on the ground that such regulation is preempted by a Federal statute, which by virtue of the supremacy clause of the United States, such as to bring it within Federal subject matter jurisdiction. But even accepting that the plaintiff is seeking injunctive relief from State    there's no case that has been cited to us thus far that shows and allows such jurisdiction between private parties. Yes. And you're making a pretty big jump from Shaw to open a wide area of jurisdiction. So tell me how it is that we get there, especially when three circuits have gone the opposite direction. Okay. So this is where the distinction between the form of relief sought and the type of claim sought makes a difference. Because we contend that in Shaw, in this footnote, the language that I'm relying on does mention that it's injunctive relief, but the fact that it's injunctive relief is not the critical part of the determination as to whether or not there's a rising underjurisdiction. And that the reason that 14 of Shaw. Yes, save me from footnotes. 14. It's at the top of page 12 of my Westlaw printout. Thank you. I have it. Okay. So because injunctive relief was involved, the first step that the plaintiff in Shaw had to take was to get over the hurdle of the Eleventh Amendment immunity. And that is why in the first sentence it says, It's beyond dispute that Federal courts have jurisdiction overseas to enjoin State officials from interfering with Federal rights. And it cites Ex parte Young. And then it goes on to say, and once you get past that hurdle and are in the door, so to speak, into Federal court with your form of relief, then you look to whether or not the case, the claim arises under Federal law. And in the case of a declaratory relief action brought under the Supremacy Clause, we submit that whether or not the Eleventh Amendment immunity doesn't apply, and you look just at the Supremacy Clause and whether there's an interest in upholding the Federal interest in assuring that State law, Federal laws are supreme and remain supreme, and that there's no need to have a State party in that situation. And, in fact, it would hinder the ability of the Federal courts to consider whether the Supremacy Clause is being violated if you don't allow private parties to bring these claims in the context of a private party dispute. Let me see if I understand your argument. What you're saying is that there can be jurisdiction, Federal jurisdiction, even though only private parties are suing, and then I would cite, if I am writing an opinion, see footnote 14 of Shaw, and then it would set up an intercircuit conflict between our circuit and three other circuits, right? Right, because I believe those other circuits are wrong. The other three circuits are wrong. Exactly. Okay. Well, and moreover, it's not just footnote 14 of Shaw. Footnote 14 of Shaw, the language I just cited, cites Smith v. Kansas City Title and Trust Company, which is a suit between two private parties raising a Federal law issue, and the Court took jurisdiction over that. And it also cites Louisville and Nashville Railroad Company v. Motley, another United States Supreme Court case that involved two private parties over, you know, essentially a breach of contract. And so, you know, our contention is that because the United States Supreme Court cited in footnote 14 these cases that were private party cases, and in Smith the Court did find that there was Federal subject matter jurisdiction over a State law claim that raised a Federal issue, that that also supports our contention. Now, Shaw stated that it's beyond dispute that Federal courts have jurisdiction over suits to enjoin State officials from interfering with Federal rights. How has your case come within that? Well, our case doesn't, and I don't think it has to, because Shaw was involved in an action for injunctive relief. Or in this part of the paragraph, they're referring to the action for injunctive relief, and as I said, mentioned before, it's our contention that you only have to get over the ex parte Young hurdle if you're bringing an action for injunctive relief. So I can't say in this opinion Shaw holds, because Shaw is directly against you. You're saying footnote 14 distinguishes Shaw from this case, and that distinction is sufficient. No, I don't think Shaw is directly against us. I don't think Shaw addresses the declaratory relief action. And it's beyond dispute that Federal courts have jurisdiction over suits to enjoin State officials from interfering with Federal rights. Right. And that's in the context of an injunction action. But we're bringing a declaratory relief action. And if you look above where you were just reading, Shaw makes a distinction between its case and the Franchise Tax Board case as saying that Franchise Tax Board was in action seeking a declaration that State laws were not preempted, whereas here in Shaw, the companies are seeking injunctions against enforcement of State laws they claim are preempted, and that opened the door to allowing in Shaw the declaratory relief action to go forward under this theory. Ms. Doyle, you said you wanted to reserve some time. Yes, I would. You have about three minutes and change left. Thank you. Thank you. Good morning. Good morning, Your Honors, and may it please the Court. My name is Mo Keshavarzian. I represent two appellees, Safeco Insurance Company of America and Employers Insurance Company of Wausau. But I speak today on behalf of all appellees in both cases. Your Honors, this case is about the recovery of workers' compensation benefits from workers' compensation insurers and self-insured employers for services rendered to injured workers under the auspices of California's workers' compensation laws. As a result, this case belongs before the California Workers' Compensation Appeals Board, not in Federal court. As a district court – I'm sorry, Your Honors, did you have a question? I was saying, unless it's interfering with the State statute, your adversary has made a very intriguing argument of distinguishing Shaw. And I'm not opposed to going against other circuits if they're wrong, so I – that's – we have a presumption that we inference that we usually follow other circuits, but not necessarily so. She made a very interesting argument, I thought, based upon Shaw and footnote 14, that actually there is a door open for this particular type of case. Let me respond to that argument, Your Honor. The footnote 14 in Shaw's was based on Ex parte Young. And there's a number of cases that have come after Ex parte Young. And the rationale of those cases is that the supremacy clause of the Constitution itself has an implied right of action when a plaintiff sues to enjoin State officials. CASAR hasn't sued to enjoin anyone and hasn't sued to State officials. Footnote 14 of Shaw cited to three cases a support for the proposition that a party could sue State officials in seeking injunction under the supremacy clause, the Jones case, the Ray case, and the Florida Lyme case. Every single one of those cases, Your Honor, was against State officials. There is not a single case where a private party has sued another private party seeking a declaration that a State statute is preemptive. It doesn't make sense. The case is not justiciable. Appellees here did not enact the statute, have no power to repeal it, and have no power to enforce it. The rationale of Ex parte Young and Shaw just cannot be extended to a suit between private parties. Ms. Stoyer also cited the Kansas City Tile and the Motley case. Kansas City Tile was not a preemption case. It was a lawsuit by a corporation's shareholder seeking to enjoin the corporation from investing in bonds that the shareholder alleged to be unconstitutional. That's not this case. Motley as well was not a preemption case. Motley, Mr. and Mrs. Motley entered into a settlement agreement with the railroad that said they would have lifetime passes on the railroad. Congress enacted an act that said, statute that said railroads cannot give out lifetime passes. And in that case, the railroad said we can't issue the pass anymore. The Motley sued the railroad, alleging that there was Federal law did not deprive or did not provide the defendant, the railroad, with a defense. And the court held, the Supreme Court held that there was no subject matter jurisdiction in Motley. Motley, the court concluded that there was no subject matter jurisdiction. So none of the cases in footnote 14 take the court there. None of the cases Ex parte Young doesn't take the court there. And the cases that Your Honor cited, colonial or I assume you were referring to colonial Penn out of the First Circuit, Barakta out of the Fifth Circuit. There's a couple of cases out of the Second Circuit as well. In every single one of those cases, they have uniformly held that by definition an Ex parte Young action cannot be against a private party. There's simply no precedent for it, Your Honor. There is precedent for what TASAR is trying to do here, seek, file a lawsuit challenging State regulation, an air ambulance company filing a lawsuit challenging State regulation that regulate air ambulances on the ground that the Airline Deregulation Act preempts State regulation. That's the Dempsey case in North Carolina District Court and the Air Evac case out of the Tennessee District Court. In both of those cases, the only defendants were State officials. In both of those cases, the defendants were State officials. There's another case out of this circuit, 1994, Employer Staffing v. Aubrey, where the Court considered ERISA preemption over State workers' compensation laws. Again, in that lawsuit, the defendant was the administrative director of the Division of Workers' Compensation. And while this circuit has not clearly addressed the issue, Your Honor, there have been language in some decisions that suggests this circuit agrees with the other circuits and with the conclusion that an Ex parte Young action can only be brought against a State official when seeking to enjoin the State official. And that's the Hydro Storage case and the Harding case that the district court cited to in its opinion. There is language in both of those cases. Harding is a little more powerful, but Hydro Storage also has the language that would support this Court's decision. So this case, CalSTAR hasn't sued the administrative director, only private parties seeking a declaration that a State statute is preempted, and CalSTAR hasn't sought an injunction. There is a great passage in the Wyckoff decision from 1952 Supreme Court where the plaintiff had sued the Public Service Commission of the State of Utah, seeking a declaration that the plaintiff was engaged in interstate commerce. Justice Jackson said the plaintiff hasn't asked for us to adjudicate a right that the plaintiff is entitled to have something or to do something. One must naturally ask, Justice Jackson said, so what? And that's the question here, Your Honor. So what? The finance here, the appellees here did not enact the statute, did not enforce it, and have no power to repeal it. And in fact, the statute that misstood challenges now has been repealed already. The administrative director of the Division of Workers' Compensation adopted section 9789.70c, and that section says that the official medical fee schedule is no longer applicable to air ambulances. Are you suggesting the case is moot? It's not moot, Your Honor. No, I'm not. And the reason it's not moot is that the dates of service for the claims, the 600 claims that are part of this lawsuit, the dates of service for those claims all predate the enactment of the statute. And there's plenty of Supreme Court precedent, language from decisions of this Court and California courts, that a statute that changes or increases the amount, potential amount of liability by a party must be applied prospectively and not retroactively. But I don't think you can. I was just going to ask if there's a parallel State action going on now. There is. Indeed, there is, Your Honor. You asked us to take judicial notice of that. We have, Your Honor. On December 27th, we asked, Your Honor, to take judicial notice of an identical complaint, nearly identical, which CalSTAR has filed in the State court seeking a declaration that the ADA preempts the official medical fee schedule and seeking the same relief. What's the status of that case? Well, the appellees or defendants in that case, the deadline to respond is on February 2nd, Your Honor, and there's a case management conference that's been scheduled in front of the superior court. It's called Fallback. Yes, Your Honor. Indeed. Indeed. Good lawyers do this. In the Shaw case, counsel doesn't rely directly on Shaw. What counsel does, or any other case, what counsel does is take the analysis in 14 and extend it. So I've enjoyed your presentation of the cases cited, but take just the theory that your adversary has developed. What's wrong with that? The problem with it is the rationale of Ex parte Young, Your Honor, and the rationale that Shaw was based on is that a government official, a State official, when they enact a statute that interferes with the Federal right, are interfering with a party's plaintiff's constitutional right under the Supremacy Clause. The appellees in this case cannot interfere with CalSTAR's constitutional right under the ADA or any Federal right that's relevant in this case. The rationale of Ex parte Young cannot be extended to this case. The State official is the person that has the power to enforce the law and must be enjoined if the act that they're about to engage in violates the Constitution. The act that we have engaged in is rely on a statute as a defense, as one of many defenses that are available to appellees in this case, as a basis for nonpayment of CalSTAR's the remainder of CalSTAR's bills. But it's only one of several defenses. Even if this Court, and this brings me to one of the issues that Ms. Stoye has raised regarding Grable. The first factor in Grable is, is the Federal issue dispositive of the case? Is the Federal issue an essential element of the State cause of action? And courts that have addressed that issue, including Grable, including Franchise Tax Board, including Skelly Oil, have all said that the vindication of plaintiff's right must turn on the Federal issue. And in this case, the vindication of CalSTAR's right does not turn on the Federal issue, because even if CalSTAR's right, the ADA preempts the official medical schedule, CalSTAR will not be entitled to the full amount of its invoices. Nothing in the ADA requires the appellees to pay the full amount of CalSTAR's invoices. Preemption will not mean a fortiori that the appellees have to pay the full amount of CalSTAR's resources, reimbursement rates. In Franchise Tax Board, the Supreme Court said there are many reasons, unrelated to the Federal issue, why the plaintiff may not be entitled to the relief it seeks. There are many reasons here, Your Honors, unrelated to the ADA's preemption of the fee schedule, that CalSTAR may not be entitled to the relief it seeks. There are many defenses. So if the ADA preempts the fee schedule, the finance can cite to one of several other defenses. The second issue under Grable is whether the Federal issue is substantial. And this brings me back to what you cited to Judge Silverman, our request for judicial notice and the administrative director's adoption of the new statute that says the fee schedule is no longer applicable to air ambulances. The second question under Grable is, is the Federal issue substantial? And what the Supreme Court said in Grable was, the issue must be so substantial so as to indicate a Federal interest in claiming the benefits thought to be inherent in a Federal form. In Grable, for example, the issue was interpretation of a Federal tax statute. And Justice Souter said the Federal government has an interest in a prompt and accurate collection of taxes. There is no such interest in this case. To the extent there was, that interest, the Federal government's interest has been diminished if it has not completely vanished because of the amendment of the new statute that says the fee schedule is not applicable to air ambulances. The second reason is that CalSTAR can seek the relief at once from a State court. There is no reason to believe, as there was in Grable, that a State court is not properly equipped to decide issues of ADA preemption. The California Court of Appeals, Second Appellate District, just last August in Tannen v. Southwest, decided an issue of preemption. And the fact that CalSTAR has filed an identical State court complaint in State court in California undermines their argument that this issue is so substantial and of such interest to the Federal government that only a Federal judge can address and resolve. The third issue under Grable, Your Honors, is even if the Federal issue is substantial and dispositive of the case, and even if the Federal issue is of great interest to the Federal government, the district court should decline to exercise jurisdiction if to do so would be contrary to a congressional mandate against the sound division of labor between State and Federal courts. And what courts interpreting that language have said and what Grable said is that that requirement essentially recognizes that some cases just don't belong in Federal court. And I submit to you, Your Honors, that workers' compensation is precisely that type of case, and there is evidence that Congress does not intend workers' compensation cases or cases arising under workers' compensation laws to be in Federal court. And that's 28 U.S.C. 1445. That's the removal statute. And the removal statutes have exceptions for cases that cannot be removed to Federal court by their very nature. And one of those is cases arising under workers' compensation laws. If CalSTAR had initially started this case in State court, it could never be removed to Federal court. The removal statute does not allow it. And that statute is evidence of Congress's intent to keep workers' compensation cases in State courts. If there is a Federal issue in this case, now that there has been a new amendment to the regulations, in the words of Justice Cardoso in Goley, it lurks somewhere in the background. But it's not essential. It's not an essential part of the case. It's not dispositive of the case. And certainly the vindication of CalSTAR's right does not depend on it. The vindication of CalSTAR's right depends on workers' compensation laws and workers' compensation regulations, issues that a workers' compensation judge should resolve. There are 600 claims at issue in this case. If this Court were to say that the district court has jurisdiction, then the district judge would turn it into a workers' compensation judge. And for every single one of those claims, he would have to hold many trials to determine the amount of compensation, whether the injured worker suffered a compensable work-related injury, the circumstances surrounding the provision of the services. That's what the workers' compensation system does, not a district court. It does not belong in district court. There's a second issue about the justiciability of CalSTAR's claim, and that is – and it's related to this issue that the vindication of their right does not depend on it. The district court said that CalSTAR's claim is not justiciable for two reasons. One, because of the issue we discussed about Shaw. They've sued the wrong party. They have – they don't ask for an injunction. They've sued a private party seeking a declaration. The second reason is the Supreme Court in the Metamune v. Genentech, the Genentech case that the district court cited, said what makes the Declaratory Judgment Act claim justiciable is that it resolves a dispute between the parties in a meaningful way so as to affect the party's conduct toward one another. ADA's preemption here would not resolve the party's conduct dispute with one another and would not affect the party's behavior with one another. I'm running out of time, but I want to address one issue on it because I think it's critical. And that – and I want to cite to you a case called Begay v. Kerr-McGee Corporation. The cite is 682 F. 2nd 1311. Is that in your briefs? It's not, Your Honor, but – but – You'll be able to give the citation to our clerk after. Will do, Your Honor. And in that case, this Court, in fact, in an opinion by Your Honor, Judge Wallace, this Court held that the workers' compensation – what happened was a group of Navajo miners sued their employer in Arizona District Court, alleging that they had suffered harm as a result of being exposed to irradiation. They sued for strict liability. In their complaint, they alleged that the case arose under Federal law because they anticipated that the defendant would argue that Arizona's workers' compensation laws barred their claim. This Court said such is not the stuff of jurisdiction and said that there was no subject matter jurisdiction over the case. Thank you very much. Thank you very much, Your Honor. Mr. Gershengorn, I'd like to say I thought that was a particularly forceful argument that really stood out in what I've heard this week. So thank you. Thank you very much, Your Honor. I appreciate it. Ms. Noy, back to you for the last word. Since I have limited time, there are just a few issues I wanted to address raised by opposing counsel. One is the State court action that CalSTRS has filed is not identical to this action in the sense that it the first action covered claims for which the statute of limitations was going to run at the time that we filed the Federal complaint in January of 2009, and the subsequent complaint picks up claims that were not covered by the first. But you know, his point is that you can raise your preemption defense in State court.  And there are, you know, the courts, we can see, would have concurrent jurisdiction, but that doesn't mean that the Federal courts would not have a rising underjurisdiction over a properly pleaded complaint. What's your response to his point, there will be 600 workman's compensation cases in the Federal court? Well, first of all, there won't be, because in all of these cases, medical necessity is not at issue, and in all of these cases, the insurance companies have paid and the employers have paid the amount under the fee schedule. So they're not contesting the services. They're not contesting medical necessity. They're not contesting that they're responsible. They're just saying that they aren't obligated to pay any more than that. And it is true that if there is preemption, that doesn't necessarily mean they will all pay the regular charges that everybody else pays. But certainly, if the Federal issue, preemption issue is decided against CalSTAR, that would end the case. And if it's decided in favor of CalSTAR, there won't be 600 mini-trials, but there would be potentially arguments about the reasonable value of the ambulance services, reasonable value of the mileage. They would be combined in several different, we contend, factual arguments that would need to be resolved, potentially. On the other hand, they may just pay, because they would have no other basis for not paying. On the state actor issue, I also wanted to point out, we mentioned this in footnote 5 of our opening brief, that under 28 U.S.C. Section 2403B, if the constitutionality of a state law is at issue and the state is not a party, there's a mechanism for the court to certify to the state attorney general that the constitutionality of a state law is at issue, and the state attorney general can then intervene to either present evidence or arguments about constitutionality. And this section contemplates that in not every case where the constitutionality of a law is raised, the state will be a party. Otherwise, if that was a requirement, you wouldn't need this mechanism to alert the state that they might want to come in and defend the constitutionality of the statute. And in this case, as opposing counsel pointed out, the State has already conceded that the state law is preempted and has already enacted an exemption. But it's not retroactive, and that's why the issue needs to be resolved. And we contend that because it is arising under the Supremacy Clause, because the challenge, albeit between private parties, the essential element of this case is whether or not the state law that is being relied on by defendants is preempted by Federal law under the Airline Deregulation Act, that CalSTAR has the ability and the authority and the obligation to vindicate the Federal interest in preserving Federal laws as the supreme laws of the land. Thank you very much, Ms. Dwyer. Thank you. Mr. Katyal, I thank you as well. The case just argued is submitted. Good morning.
judges: Wallace, Noonan, Silverman